| | |
|---|---|
| John E. Flaherty<br>Jonathan M.H. Short<br>McCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>(973) 622-4444<br><br>*Attorneys for Plaintiffs/Counterclaim-Defendants AstraZeneca AB, AstraZeneca LP, KBI-E Inc. and Pozen, Inc.*<br><br><br>Henry J. Renk<br>Bruce C. Haas<br>Joshua I. Rothman<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>1290 Avenue of the Americas<br>New York, New York 10104-3800<br>(212) 218-2100<br><br><br>*Of Counsel for Plaintiffs AstraZeneca AB, AstraZeneca LP, and KBI-E Inc.* | Stephen M. Hash<br>Stephen C. Stout<br>Deirdre Dorval<br>Shannon Kidd<br>VINSON & ELKINS LLP<br>2801 Via Fortuna, Suite 100<br>Austin, TX 78746-7568<br>(512) 542-8400<br><br>*Of Counsel for Plaintiff Pozen Inc.*<br><br><br>Einar Stole<br>Edward H. Rippey<br>Maureen M. Japha<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>(202) 662-6000<br><br><br>*Of Counsel for Plaintiffs AstraZeneca AB, AstraZeneca LP, and KBI-E Inc.* |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA AB, ASTRAZENECA LP, KBI-E INC., and POZEN, INC.<br><br>Plaintiffs<br><br>v.<br><br>MYLAN PHARMACEUTICALS, MYLAN LABORATORIES LIMITED, and MYLAN, INC.,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.** |

## COMPLAINT FOR PATENT INFRINGEMENT

AstraZeneca AB, AstraZeneca LP, and KBI-E Inc. and Pozen, Inc. (collectively, "Plaintiffs") for their First Amended Complaint against Mylan Pharmaceuticals Inc., Mylan Laboratories Limited, and Mylan, Inc., (collectively, "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiff AstraZeneca AB is a company organized and existing under the laws of Sweden, having its principal place of business at Södertälje, Sweden. AstraZeneca AB was a corporate name change from Astra Aktiebolaget.

2. Plaintiff AstraZeneca LP is a limited partnership organized under the laws of Delaware, having its principal place of business at Wilmington, Delaware. AstraZeneca LP holds approved New Drug Application No. 022511 from the United States Food and Drug Administration ("FDA") for a delayed-release naproxen / esomeprazole magnesium formulation that it sells under the name VIMOVO®.

3. Plaintiff KBI-E Inc. ("KBI-E") is a Delaware corporation having its principal place of business at Wilmington, Delaware.

4. KBI-E has exclusive rights in the United States to market and sell products covered by United States Patent Nos. 5,714,504 (the "'504 patent"); 6,369,085 (the "'085 patent"); 6,875,872 (the "'872 patent"); 7,411,070 (the "'070 patent"); 7,745,466 ("the '466 patent"), and 5,948,789 (the "'789 patent").

5. Plaintiff Pozen Inc. ("Pozen") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 1414 Raleigh Road, Chapel Hill, North Carolina 27517.

6. Pozen owns United States Patent Nos. 6,926,907 ("the '907 patent") and 8,557,285 (the "'285 patent") by assignment from the inventor. AstraZeneca AB is Pozen's exclusive licensee under the '907 and '285 patents.

7. Upon information and belief, Defendant Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of West Virginia, having its principal place of business at 781 Chestnut Ridge Rd, Morgantown, West Virginia 26505. Upon information and belief, Mylan Pharmaceuticals, Inc. is in the business of, among other things, manufacturing, marketing and selling generic copies of branded pharmaceutical products throughout the United States, including within this district.

8. Upon information and belief, Defendant Mylan Laboratories Limited ("Mylan Limited") was formerly known as Matrix Laboratories Limited ("Matrix Limited"). Upon information and belief, Defendant Mylan Limited is a corporation organized and existing under the laws of India, having their principal place of business at Plot No. 564/A/22, Road No. 92, Hyderabad 500034 Andhra Pradesh, India. Upon information and belief, Mylan Limited is in the business of, among other things, manufacturing, marketing and selling generic copies of branded pharmaceutical products throughout the United States, including within this district.

9. Upon information and belief, Defendant Mylan, Inc. is a corporation organized and existing under the laws of Pennsylvania, having its principal place of business at 1500 Corporate Drive, Canonsburg, PA 15317. Upon information and belief, Mylan, Inc. is in the business of, *inter alia*, manufacturing, marketing and selling generic copies of branded pharmaceutical products in New Jersey and throughout the United States.

10. Upon information and belief, Mylan Inc., is the parent company of Mylan Pharmaceuticals, Inc.

11. Upon information and belief, Mylan, Inc. is the parent company of Mylan Limited.

12. Upon information and belief, Mylan Pharmaceuticals, Inc., and Mylan Limited are within the control of Defendant Mylan Inc. for purposes of responding to discovery in this action.

## JURISDICTION AND VENUE

13. This is an action for patent infringement arising under the Patent and Food and Drug laws of the United States, Titles 35 and 21, United States Code. Jurisdiction and venue are based on 28 U.S.C. §§ 1331, 1338(a), 1391(b), 1391(c), 1400(b), 2201, 2202, and 35 U.S.C. § 271.

14. Upon information and belief, Defendants have been and are engaging in activities directed toward infringement of the '285 patent (the "patent-in-suit") by, *inter alia*, submitting to the FDA ANDA No. 204920 ("Defendants' ANDA"). Defendants' ANDA seeks the FDA's approval to manufacture, use, or sell commercially their proposed naproxen/esomeprazole magnesium delayed release tablets, 375 mg/20 mg and 500 mg/20 mg (hereinafter referred to as the "ANDA Products"), containing the active ingredients naproxen and esomeprazole magnesium, prior to the expiration of the patent-in-suit, as a generic version of the VIMOVO® product.

15. In a letter dated May 16, 2013 ("2013 Notice Letter") from Mylan Pharmaceutical's agent, the law firm of Perkins Coie, Mylan Pharmaceuticals Inc., notified Plaintiffs of the filing of Defendants' ANDA and that the ANDA included a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV"), with respect to U.S. Patent No. 5,900,424, as well as the '504, '085, '872, '070, '907, and '466 patents.

16. Paragraph IV requires certification by the ANDA applicant that the subject patent "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted ...."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

17. Upon information and belief, at the time the 2013 Notice Letter was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 16, above.

18. Defendants' submission of ANDA No. 204920 and service of the 2013 Notice Letter indicates a refusal to change their current course of action.

19. Defendants' Paragraph IV Notice to Plaintiffs states Defendants' intention to seek approval to market a generic copy of Vimovo® prior to expiration of the '504, '085, '872, '907, '070, and '466 patents.  The last of these patents to expire is the '907 patent, which expires on February 28, 2023.  The first of these patents to expire is the '872 patent, which expires on November 27, 2014.

20. There is now an actual controversy between Defendants and Plaintiffs as to whether Defendants infringe the '504, '085, '872, '907, '070, '466, '789, and '285 patents.

21. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants, upon information and belief, have purposely availed themselves of the benefits and protections of the laws of New Jersey such that they should reasonably anticipate being haled into court here; Defendants have had continuous and systematic contacts with this judicial district, including, upon information and belief, selling pharmaceutical products in New Jersey and deriving substantial revenues from those sales; on information and belief Mylan, Inc. and Mylan Limited are licensed to do business within New Jersey. Thus, Defendants are subject to general jurisdiction in New Jersey.

22. Upon information and belief, the acts of Mylan Pharmaceuticals, Inc., and Mylan Laboratories Limited, complained of herein were done at the direction of, with the authorization of, and with the cooperation, participation and assistance of Mylan, Inc.

## CLAIM FOR RELIEF: '285 PATENT

23. Plaintiffs reallege paragraphs 1-22, above, as if set forth specifically here.

24. The '285 patent (copy attached as Exhibit A), entitled "Pharmaceutical Compositions for the Coordinated Delivery of NSAIDs," was issued on October 15, 2013, to Pozen, Inc., upon assignment from the inventor John R. Plachetka. The '285 patent claims, *inter alia*, pharmaceutical compositions in unit dosage form comprising esomeprazole and naproxen.

25. Pozen, Inc. has been and still is the owner of the '285 patent. The '285 patent will expire on May 31, 2022.

26. AstraZeneca AB is Pozen Inc.'s exclusive licensee under the '285 patent.

27. The '285 patent is a patent with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the VIMOVO® drug product.

28. Accordingly, pursuant to 21 U.S.C. § 355(c)(2), Plaintiffs are submitting patent information for the '285 patent to the FDA in connection with its NDA No. 022511 for VIMOVO® drug product. The FDA is expected to publish the same in the Orange Book.

29. Upon information and belief, the making, using, selling, and/or offering for sale in the United States of Defendants' pharmaceutical compositions in unit dosage form comprising esomeprazole and naproxen described in Defendants' ANDA infringes the '285 patent.

30. Defendants have infringed the '285 patent under 35 U.S.C. § 271(e)(2) by filing their ANDA and continuing to seek approval from the FDA to engage in the commercial manufacture, use, or sale of a drug claimed in this patent, prior to the expiration of the '285 patent.

31. Upon information and belief, the ANDA Products contain the pharmaceutical composition patented in the '285 patent, constitute a material part of the inventions of the '285 patent, are especially made or especially adapted for use in an infringement of the '285 patent, and are not staple articles or commodities of commerce suitable

for substantial noninfringing use. Upon information and belief, Defendants are aware that the ANDA Products are so made or so adapted. Upon information and belief, Defendants are aware that the ANDA Products, if approved, will be used in contravention of Plaintiffs' rights under the '285 patent.

32. Upon information and belief, Defendants have previously filed patent certifications in association with their ANDA No. 204920 seeking, *inter alia*, FDA final approval prior to November 27, 2014. The '285 patent has an expiration date of May 31, 2022. Therefore, on further information and belief, Defendants are currently pursuing FDA final approval of their ANDA No. 204920 prior to the expiration date of the '285 patent.

33. Pursuant to 21 U.S.C. § 355(j)(2)(A)(vii), Defendants should file a patent certification in their pending ANDA No. 204920 with respect to the '285 patent, and Defendants must make a Paragraph IV Certification with respect to the '285 patent if Defendants continue to seek FDA final approval of their ANDA No. 204920 prior to May 31, 2022. On information and belief, Defendants' above-described activities are continuing and constitute an act of infringement of the '285 Patent under 35 U.S.C. § 271(e)(2).

34. Upon information and belief, the manufacture, use, and sale of the ANDA Products infringes the '285 patent claims.

35. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A judgment declaring that the effective date of any approval of Defendants' ANDA No. 204920, filed under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), for a drug product called "naproxen/esomeprazole magnesium delayed release tablets, 375 mg/20 mg" or "naproxen/esomeprazole magnesium delayed release tablets, 500 mg/20 mg" be a date not earlier than the later of expiration date of the patent-in-suit that is infringed and the expiration of any exclusivity relating to such patent to which Plaintiffs are or will become entitled;

(b) A judgment declaring that the '285 patent has been infringed by Defendants, and remains valid and enforceable;

(c) A permanent injunction against any infringement by Defendants, their officers, agents, attorneys, employees, successors, and assigns, and those acting in privity or concert with them, of the '285 patent;

(d) A judgment that Defendants' infringement is willful;

(e) A judgment that Defendants' conduct is exceptional;

(f) An award of attorney fees in this action under 35 U.S.C. § 285;

(g) Costs and expenses in this action; and

(h) Such other relief as this Court may deem just and proper.

Dated: October 23, 2013	Respectfully Submitted,

By:  *s/ John E. Flaherty*
 John E. Flaherty
 Jonathan M.H. Short
 McCARTER & ENGLISH, LLP
 Four Gateway Center
 100 Mulberry Street
 Newark, New Jersey 07102
 (973) 622-4444

 Attorneys for Plaintiffs
 ASTRAZENECA AB,
 ASTRAZENECA LP, KBI-E INC,
 And Pozen, Inc.

 Of Counsel:
 Henry J. Renk
 Bruce C. Haas
 Joshua I. Rothman
 FITZPATRICK, CELLA, HARPER
 & SCINTO
 1290 Avenue of the Americas
 New York, New York 10104-3800
 (212) 218-2100

 Einar Stole
 Edward H. Rippey
 Maureen M. Japha
 COVINGTON & BURLING LLP
 1201 Pennsylvania Avenue, N.W.
 Washington, D.C. 20004-2401
 (202) 662-6000

 Stephen M. Hash
 Stephen C. Stout
 Deirdre Dorval
 Shannon Kidd
 VINSON & ELKINS LLP
 2801 Via Fortuna, Suite 100
 Austin, TX 78746-7568
 (512) 542-8400

# CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is the subject of the following actions:

*ASTRAZENECA AB et al. v. DR. REDDY'S LABS. INC., et al.*, C.A. No. 3:11-cv-02317-JAP-DEA (D.N.J.);

*ASTRAZENECA AB et al. v. DR. REDDY'S LABS. INC. et al*, C.A. No. 3:13-cv-00091-JAP-DEA (D.N.J.);

*ASTRAZENECA AB et al. v. LUPIN LTD., et al.*, C.A. No. 3:11-cv-04275-JAP-DEA (D.N.J.);

*ASTRAZENECA AB et al. v. ANCHEN PHARMS., INC.*, C.A. No. 3:11-cv-06348-JAP-DEA (D.N.J.);

*ASTRAZENECA AB et al. v. WATSON LABORATORIES, INC.- FLORIDA, et al.*, C. A. No. 3:13-cv-03038-JAP-DEA (D.N.J.);

*ASTRAZENECA AB et al. v. MYLAN PHARMACEUTICALS et al.*, C.A. No. 3:13-cv-04022-JAP-DEA (D.N.J.)

*ASTRAZENECA AB, et al. v. MYLAN LABORATORIES LTD. et al.*, C.A. No. 3:12-cv-01378-JAP-TJB (D.N.J.);

*ASTRAZENECA AB et al. v. WATSON LABORATORIES, INC. - FLORIDA et al.*, C.A. No. 3:13-cv-01669-JAP-TJB (D.N.J.); and

*ASTRAZENECA AB et al. v. WOCKHARDT LIMITED et al.*, C.A. No. 3:13-cv-04854-JAP-TJB (D.N.J.)

The foregoing cases involve products that contain an esomeprazole magnesium formulation. The matter in controversy involves the same esomeprazole magnesium formulations. All of these cases have been assigned to Hon. Joel A. Pisano, U.S.D.J. The DRL, Lupin, and Anchen cases have been consolidated for discovery purposes and have been assigned to Magistrate Judge Arpert.

Therefore, for the sake of judicial economy and with regard to Judge Pisano's and Judge Arpert's familiarity of the patents asserted in the matter in controversy, Plaintiffs believe these cases and the matter in controversy are all related. Accordingly, Plaintiffs respectfully request that the matter in controversy be assigned to Judge Pisano and Magistrate Judge Arpert.

Dated: October 23, 2013

Respectfully Submitted,

By: <u>*s/ John E. Flaherty*</u>
    John E. Flaherty
    Jonathan M.H. Short
    McCARTER & ENGLISH, LLP
    Four Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102
    (973) 622-4444

    Attorneys for Plaintiffs
    ASTRAZENECA AB,
    ASTRAZENECA LP, KBI-E INC,
    And Pozen, Inc.

    Of Counsel:
    Henry J. Renk
    Bruce C. Haas
    Joshua I. Rothman
    FITZPATRICK, CELLA, HARPER
    & SCINTO
    1290 Avenue of the Americas
    New York, New York 10104-3800
    (212) 218-2100

    Einar Stole
    Edward H. Rippey
    Maureen M. Japha
    COVINGTON & BURLING LLP
    1201 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-2401
    (202) 662-6000

    Stephen M. Hash
    Stephen C. Stout
    Deirdre Dorval
    Shannon Kidd
    VINSON & ELKINS LLP
    2801 Via Fortuna, Suite 100
    Austin, TX 78746-7568
    (512) 542-8400